UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PATRICK J. TYSON | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-00981-SDJ-AGD |
| | § | |
| UNITED STATES OF AMERICA | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Patrick Tyson, a *pro se* plaintiff, has sued the United States of America for failure to pay certain veterans disability benefits. The United States filed a dismissal motion under Federal Rule of Civil Procedure 12(b)(1), contending that the Court lacks subject-matter jurisdiction to consider Tyson's claims. The Court agrees. The Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 511, as well as the United States' sovereign immunity, bar the Court from exercising jurisdiction over Tyson's claims. Accordingly, the Court will grant the United States' motion and dismiss Tyson's claims for lack of jurisdiction.

### I.

Tyson is a veteran of the United States Navy. He entered active duty on October 25, 1988, and was honorably discharged on October 24, 1992. In January 2008, the Department of Veterans Affairs ("VA") determined that Tyson had a service-connected disability. Tyson was a awarded a 30% VA disability rating for PTSD. In February 2008, Tyson filed a claim with the VA for an increase to his service-connected compensation. In October 2008, Tyson was notified that the VA had determined his service-connected condition had worsened. Tyson was awarded a

100% disability rating with an effective date of February 19, 2008. The VA decision letter, dated October 1, 2008, notified Tyson that he had one year to appeal if he disagreed with the VA's decision. The October 1 letter further explained the steps Tyson needed to follow to appeal the VA's decision.

Approximately fifteen years later, in November 2023, Tyson filed an administrative claim with the VA claiming that the VA had failed to acknowledge Tyson's repeated requests to correct and pay monthly compensation according to his assigned disability rating. The VA denied Tyson's claim on February 8, 2024.

Prior to filing his administrative claim with the VA, Tyson initiated this suit, which was initially filed in the Northern District of Texas on October 17, 2023, and transferred shortly thereafter to this Court. In his current, second amended complaint, Tyson alleges that the United States failed or refused to apply a special monthly compensation benefit retroactively. *See* (Dkt. #18). Tyson frames his claims in constitutional terms, alleging that his entitlement to disability benefits is a property interest protected by the Due Process Clause, and that the purported underpayments of such benefits also violated the Equal Protection Clause. Although not expressly stated in his complaint, the gravamen of Tyson's allegations is that the United States negligently failed to process or miscalculated his VA disability entitlement. Thus, in addition to the constitutional framing of Tyson's complaint, it also appears that his claims implicate a tort action filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), *et seq*. Tyson seeks to recover $15 million in damages and "punitive relief" based on his alleged financial injuries, stress, and

psychological harm over a fifteen-year period, presumably between 2008 and 2023, among other alleged injuries during this time frame. *See* (Dkt. #18).

The United States has filed a dismissal motion under Rule 12(b)(1), arguing that the Court lacks subject-matter jurisdiction. *See* (Dkt. #51).[1] The primary reason is straightforward: Tyson's suit challenges the calculation of his disability benefits and the VJRA precludes review by a federal district court of veterans benefits determinations.[2] In his response to the United States' motion, Tyson confirms that he believes his claim falls within the FTCA, but he does not grapple with the United States' argument that the VJRA precludes the Court's exercise of subject-matter jurisdiction over this case. *See* (Dkt. #52).

## II.

Federal district courts exercise limited subject-matter jurisdiction. When a specific basis for subject-matter jurisdiction over a claim is absent, a district court has no power to adjudicate the claim. *See Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional

---

[1] The United States also moved for dismissal under Rule 12(b)(6) for failure to state claim for which relief can be granted. Because the Court concludes that it lacks subject-matter jurisdiction, the Rule 12(b)(6) claim will not be addressed.

[2] The United States included additional arguments for dismissal under Rule 12(b)(1), including Tyson's alleged failure to meet the FTCA's statute of limitations. The Court's conclusion that the VJRA precludes subject-matter jurisdiction obviates the need to address the additional jurisdictional arguments raised by the United States. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("[T]here is no unyielding jurisdictional hierarchy.").

power to adjudicate the case."). Accordingly, Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for the dismissal of claims based on a "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). The United States has moved to dismiss Tyson's suit based on lack of subject-matter jurisdiction, thereby invoking Rule 12(b)(1).

Because Rule 12(b)(1) applies, the Court must consider whether the attack on the complaint is facial or factual. *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F.App'x 260, 263 (5th Cir. 2020) (per curiam). A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges jurisdiction based solely on the pleadings. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When ruling on a facial attack, the court must presume that factual allegations in the complaint are true and determine whether they establish subject-matter jurisdiction. *Id*. If the defendant supports the motion with evidence, however, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does … exist." *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998); *see also id*. ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." (citation omitted)). Here, the United States has supported its dismissal motion with evidence, so the Court

4

considers it a factual attack and no presumption of truthfulness will attach to Tyson's allegations.

## III.

### A.

As amended by the VJRA, Pub.L. No. 100–687, 102 Stat. 4105 (1988), the Veterans' Benefits Act of 1957, Pub.L. No. 85–56, 71 Stat. 83, precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits. 38 U.S.C. § 511(a); *see Larrabee v. Derwinski*, 968 F.2d 1497, 1499–1501 (2d Cir. 1992) (detailing history of veterans' benefits legislation). Specifically, Section 511(a) of the VJRA provides that:

> The Secretary [for the Department of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive *and may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (2006) (emphasis added).[3]  As the Fifth Circuit has acknowledged, through the VJRA Congress created an exclusive and comprehensive scheme for cases involving veterans claims for benefits. *See Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995) (explaining that the VJRA establishes "an exclusive review procedure" for veterans to appeal benefits decisions); *see also King v. U.S. Dep't. of Veterans Affairs*, 728 F.3d 410, 413–14 (5th Cir. 2013) (same).

---

[3] Section 511(b) provides several exceptions to this provision. Tyson does not allege that he falls within any of them.

Under the VJRA, a veteran's request for benefits is initially processed and decided by VA officials in regional offices, under the ultimate authority of the Secretary of Veterans Affairs. 38 U.S.C. § 511(a). If a veteran disputes the initial benefits decision, he may appeal to the Board of Veterans' Appeals (the "Board"). 38 U.S.C. § 7104–7105 (establishing procedures for appeal to the Board). The Board has exclusive jurisdiction over the VA's benefit decisions. 38 U.S.C. § 7104(a). Decisions of the Board may then be reviewed exclusively by the United States Court of Veterans Appeals, an Article I court established by the VJRA. 38 U.S.C. §§ 7251, 7252(a), 7266(a). Decisions of the Court of Veterans Appeals are in turn appealable solely to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292; *see also Zuspann*, 60 F.3d at 1158–59. The judgment of the Federal Circuit Court of Appeals is then subject to review by the United States Supreme Court by writ of certiorari. 38 U.S.C. § 7292(c).

Under these provisions of the VJRA, federal district courts lack jurisdiction over claims that "amount[] to an appeal" of a VA benefits decision. *King*, 728 F.3d at 414. In this regard, courts must distinguish between claims asserted by veterans that attack the constitutionality of one or more of the VJRA's provisions, i.e., an attack on the statute, as opposed to claims that challenge VA decisions on whether to award benefits or its calculations of the amounts of benefits awarded. As the Fifth Circuit has explained, when a veteran makes "a facial challenge to a statute, then the district court has jurisdiction to hear [the] case." *Zuspann*, 60 F.3d at 1158. By contrast, when a veteran challenges a VA benefits decision in district court, the complaint must be

6

dismissed for want of jurisdiction. *Id*. The Fifth Circuit has also made clear that framing a challenge to a VA benefits decision in constitutional terms does not confer jurisdiction on the district court. *Id*. at 1159 ("Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case.") (collecting cases).

### B.

Tyson challenges a VA benefits decision. Specifically, he alleges that the VA failed or refused to apply a special monthly compensation benefit retroactively. *See* (Dkt. #18). Under VJRA Section 511(a), this Court lacks subject-matter jurisdiction to consider Tyson's claims because they "amount[] to an appeal" of a VA benefits decision. *King*, 728 F.3d at 414; *see also Zuspann*, 60 F.3d at 1158 (explaining that the VJRA "announced the intent of Congress to preclude review of benefits determinations in federal district courts").

The fact that Tyson frames his complaint about the VA's benefits decision in constitutional terms, alleging that the decision runs afoul of the Due Process Clause and the Equal Protection Clause, cannot create subject-matter jurisdiction in this case. In *Zuspann*, the Fifth Circuit considered a similar argument and concluded that the plaintiff's attempt to "fashion his complaint in constitutional terms" failed because the gravamen of the complaint was "an individualized challenge to the VA's decision to deny him benefits." 60 F.3d at 1159. The court went on to explain that "federal district courts 'do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.'"

*Id.* (quoting *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994)); *see also id.* ("That Zuspann couches his challenge to the benefits determination in constitutional terms does not remove it from § 511's preclusion of judicial review of benefits decisions.").

The same reasoning applies here. The crux of Tyson's suit concerns his complaint that the VA failed or refused to apply "special monthly compensation" as part of his disability benefits "when the medical evidence of record showed an increase" in Tyson's disability. (Dkt. #18). Relatedly, Tyson alleges that, over time, the VA failed to correct this error, and that the VA also failed or refused "to provide compensation retroactively dating back to when the medical evidence of record showed an increase in [Tyson's] disability." (Dkt. #18). Premised on these alleged failures of the VA to properly administer his disability benefits, Tyson invokes certain provisions of the Constitution. He asserts that his entitlement to disability benefits "is a property interest protected by the Due Process clause," and that the complained-of failures or refusals to properly calculate and pay his disability benefits violated his constitutional rights. (Dkt. #18).[4]

In short, as in *Zuspann*, Tyson asks the Court to consider alleged constitutional violations grounded on an evaluation of whether the VA's administration of benefits in this particular case were correct. Under the VJRA, the Court lacks subject-matter jurisdiction to consider such claims. *See Zuspann*, 60 F.3d at 1159 ("Whether the

---

[4] Tyson also asserts that his benefits are protected under the Equal Protection Clause. (Dkt. #18).

benefits determination made in this case was right or wrong is not the issue in this case. The issue is whether the plaintiff may bring this case in federal district court.").

### C.

The Court also lacks subject-matter jurisdiction because Tyson's claims are barred by sovereign immunity. In order to sue the United States, its agencies, or its officers in their official capacities, a plaintiff must not only present a "case" or "controversy" within the meaning of Article III of the Constitution, but must also demonstrate that the United States has waived its sovereign immunity from suit or that sovereign immunity is inapplicable. *See, e.g.*, *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011) (citing *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)); *see also United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

"A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). And any waiver of the United States' sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996).

As the United States correctly notes, it has not waived sovereign immunity as to review of VA decisions or procedures by federal district courts. Instead, as described herein, *see supra* Part III.A, Congress enacted the VJRA, which provides

comprehensive procedures to review veterans' benefits determinations. For this reason, Tyson cannot create subject-matter jurisdiction by suggesting that his suit involves a constitutional tort or negligence cause of action cognizable under the FTCA.

> The FTCA generally permits claims against the United States for damages:
>
>> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). At the outset, the Court notes that constitutional torts are not cognizable under the FTCA. State law provides the source of substantive liability under the FTCA. *See Meyer*, 510 U.S. at 478. Because federal law is the source of liability for the deprivation of a federal constitutional right, the United States is not liable under Section 1346(b) for constitutional tort claims. *See id.* at 477–78. Thus, to the extent Tyson's complaint is construed as an attempt to allege constitutional tort claims associated with his invocation of the Due Process Clause and the Equal Protection Clause, such claims are not cognizable under Section 1346(b). *See Meyer*, 510 U.S. at 477–78.

Tyson also cannot derive subject-matter jurisdiction through the FTCA by characterizing his dispute concerning the VA's disability benefits determinations as a negligence cause of action. In *King*, the Fifth Circuit rejected a similar attempt to recast a dispute concerning a VA benefits determination as a negligence claim: "To

award [plaintiff] damages based on his complaint, the district court would have to analyze whether the VA's agents knew or should have known that the denial of [plainitff's] benefits was wrong. That analysis would involve questions of law and fact related to the VA's benefits decisions, and those are issues that section 511 places outside the district court's jurisdiction." 728 F.3d at 414; *see also Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000) (per curiam) (holding that a district court was without subject-matter jurisdiction to determine whether the VA acted "in bad faith or with negligence" because the district court would first need to determine whether the VA properly handled a request for benefits).

In sum, Tyson's claims are also barred by sovereign immunity, and even construing Tyson's claims liberally he cannot obtain subject-matter jurisdiction through the FTCA.

## IV. CONCLUSION

It is therefore **ORDERED** that the United States of America's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim is **GRANTED**. (Dkt. #51).

It is further **ORDERED** that the above-captioned case is **DISMISSED for lack of jurisdiction**. Any pending requests for relief not specifically addressed in this Order are also **DISMISSED for lack of jurisdiction**.

So ORDERED and SIGNED this 27th day of September, 2024.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

11